JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:23-cv-00224-SSS-KKx | Date | January 9, 2024 |
|---|---|---|---|
| Title | Lisa A. Wadley v. Wood Environment & Infrastructure Solutions, Inc., et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. 38]**

Before the Court is Plaintiff Lisa Wadley's motion for remand. [Mot. (Dkt. 38)]. The motion is fully briefed [Opp. (Dkt. 39); Reply (Dkt. 40)] and was taken under submission without a hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. The motion is **GRANTED** and the case is **REMANDED** to Riverside Superior Court for further proceedings.

I.   **Background**

Plaintiff was employed as a biologist by Defendant WSP USA Environment and Infrastructure Inc. ("WSP")[1] until her termination on August 11, 2021. [Compl. (Dkt. 3) at ¶ 21-24; Huffman Decl. (Dkt. 39-1) at ¶ 3]. She brings this action on behalf of herself and all "other persons who have been employed by [Defendant]" as either (1) "an hourly-paid, non-exempt employee or (2) who were "misclassified as an exempt employee" during the applicable statutory periods. [Compl. at ¶ 2]. Plaintiff brings eight causes of action alleging various policies

---

[1] AMEC Foster Wheeler USA Corp. was named as a co-defendant at the time of removal but was subsequently dismissed pursuant to joint stipulation. [*See* Dkt. 42; Dkt. 43].

and/or practices maintained by Defendant in violation of California labor regulations.

### A. Notice of Removal

Plaintiff filed her complaint in Riverside Superior Court on December 27, 2022.  Defendants timely removed to this Court under the Class Action Fairness Act ("CAFA").  [Notice of Removal ("NOR") (Dkt. 1)].  To establish federal jurisdiction under CAFA, the removing party must show that the putative class exceeds 100 members; that there is "minimal diversity" between the parties; and that the amount in controversy alleged in the complaint exceeds $5 million.

Defendant asserts that the putative class includes at least 500 employees [NOR at ¶ 17] and that both the diversity requirement and amount-in-controversy requirements are satisfied [NOR at ¶ 7].  Defendant's notice of removal alleges that the amount-in-controversy requirement is satisfied by the damages sought by the putative subclass of non-exempt employees under Plaintiff's causes of action concerning meal breaks (third cause of action), mandatory rest breaks (fourth cause of action), wages owed to terminated employees (sixth cause of action), and incomplete wage statements (seventh cause of action).  It does not address any of Plaintiff's other causes of action, or any damages that might be sought by the sub-class of misclassified exempt employees.

### B. Defendant's Opposition to Remand

The grounds for CAFA jurisdiction outlined in Defendant's opposition brief differ from those outlined in its notice of removal in three important ways.  First, in opposing Plaintiff's motion for remand, Defendant abandons any arguments concerning damages sought by part-time non-exempt employees within the putative class.  Instead, it seeks to include only the subset of non-exempt employees who worked regular, 40-hour weeks during the statutory period(s).  Second, Defendant's briefing argues that Plaintiff's claim for unpaid overtime wages (second cause of action) should be counted towards the jurisdictional minimum alongside the third, fourth, sixth, and seventh causes of action already addressed in the notice of removal.  Finally, Defendant asks the Court to consider the damages sought by the subclass of full-time misclassified *exempt* employees in addition to those sought by the full-time non-exempt workers.

## II.   Legal Standard

CAFA confers district courts subject matter jurisdiction over certain class actions.  28 U.S.C. § 1332(d)(2).  A defendant seeking to remove a class action from state court under CAFA must file a notice of removal alleging facts that demonstrate the case meets CAFA's jurisdictional requirements: a class of more than 100 members, minimal diversity, and an amount in controversy that exceeds $5,000,000.  28 U.S.C. §§ 1332(d)(2); 1446(a).

Where, as here, the complaint does not enumerate the putative class's claimed damages, a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89, (2014).

Thereafter, the plaintiff can contest the amount in controversy by making either a "facial" or "factual" attack on the defendant's jurisdictional allegations. *See Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* A factual attack "contests the truth of the ... allegations" themselves. *Id.* (citation omitted). When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Both parties may submit evidence supporting the amount in controversy before the district court rules. *Salter*, 974 F.3d at 963; *Ibarra*, 775 F.3d at 1197.

## III.  Discussion
### A. Second Cause of Action

Plaintiff's second cause of action alleges that Defendant failed to pay required overtime wages. *See* Cal. Labor Code § 510; § 515(a). She seeks to recover damages equal to the overtime compensation withheld from all class members during the statutory period.

In opposition to Plaintiff's motion for remand, Defendant contends that the damages sought by the subclass of misclassified employees under this cause of action exceed $2.2 million. Defendant presumes that (1) each misclassified employee is entitled to at least a half hour of unpaid overtime wages for every week he or she worked, and (2) *all* of the 350 full-time exempt workers that Defendant employed during the statutory period were misclassified. [Huffman Decl. at ¶ 11; Opp. at 12-13]. (Defendant does not argue that the Court should consider claims by the non-exempt workers for unpaid overtime as part of the amount in controversy.)

That second presumption is without support either in the pleadings or Defendant's own briefing. The question of whether an employee is properly considered exempt concerns the "work actually performed by the employee" and "the employer's realistic expectations and the realistic requirements of the job." 8 C.C.R. § 11040(1)(A). Here, as Plaintiff notes, "Defendant employs exempt employees across different departments [in California]" who perform a "wide arrangement of different job duties and responsibilities." [Reply at 3]. Plaintiff does not suggest in her complaint that *none* of Defendant's employees were

properly classified as exempt, and Defendant provides no information about its exempt employees or their work obligations to substantiate any estimate as to the size of this putative subclass.

The Court finds that Defendant has failed to carry its burden to show that *any* exempt employee is entitled to damages for unpaid overtime wages.

### B. Third, Fourth, Sixth, and Seventh Causes of Action

As previously noted, Plaintiff's putative class contains two categories of employees: (1) employees classified as non-exempt, and (2) employees who were classified as exempt but should not have been. Plaintiff does not advance any claims that would apply to an employee who was lawfully exempted from California wage and hour requirements. Defendant has provided no evidence to suggest that *any* of its exempt employees were misclassified. The Court therefore considers only those damages available to non-exempt, full-time employees under Plaintiff's third, fourth, sixth, and seventh causes of action.

Plaintiff's third cause of action alleges that Defendant "sometimes, but not always" required Plaintiff and the Class to work without a required meal break and without compensation for the meal periods in violation of Section 226.7 of the California Labor Code. [Compl. at ¶¶ 17; 49-52]. Under the statute, each class member is entitled to one hour of additional wages for each workday he or she was denied a required meal period. Defendant argues that, assuming all non-exempt employees suffered one violation per week, Plaintiff has placed $1,039,500 at issue. [Opp. at 14 n.5].

Plaintiff's fourth cause of action alleges that Defendant "sometimes, but not always" required Plaintiff and the Class to work without required rest periods, also in violation of Section 226.7. [Compl. at ¶¶ 18; 53-56]. Again, under this cause of action, each class member would be entitled to one hour of additional wages for each workday he or she was denied a required rest period. Defendant argues that, assuming all non-exempt employees suffered one violation per week, Plaintiff has placed $1,039,500 at issue. [Opp. at 16 n.7].

Plaintiff's sixth cause of action alleges that Defendant failed to pay wages owed to terminated employees upon their termination in violation of Cal. Labor Code § 203. Defendant argues that, assuming all terminated non-exempt employees are entitled to waiting time penalties for the full thirty-day period, this cause of action places $1,029,600 at issue. [Opp. at 18 n.8].

Plaintiff's seventh cause of action alleges that Defendant has violated California Labor Code § 226(a) by failing to provide complete and accurate wage statements to its employees. Under the statute, each employee would be entitled to $50 for the first pay period in which a violation occurred and $100 per violation for each subsequent pay period. Cal. Labor Code § 226(3). Defendant contends that this cause of action places $555,000 at issue. [Opp. at 21]. (Defendant does not

provide separate estimates for exempt and non-exempt workers during the two-year statutory period applicable to Plaintiff's wage statement claim.)

### C. Total Amount in Controversy

Although the Court notes that Defendant's calculations appear inflated in several respects, it need not address these errors here. The figures Defendant has itself provided in connection with the four causes of action discussed above total just $3,663,600. Even if the Court were to add attorney's fees at the 25% "benchmark" rate Defendant proposes, Defendant's own estimate would still fall short of CAFA's $5 million jurisdictional minimum.

Because Defendant has failed to establish jurisdiction under CAFA, the Court concludes that remand is required.

### IV. Conclusion

The Court **GRANTS** Plaintiff's motion. This case is **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**